

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
JAMES W. RYLAND, JR.,

       Plaintiff,

- against -

JOHN DOE, NEW YORK, NY,

       Defendant.
------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

16 Civ. 1265 (BMC)(LB)

**COGAN**, District Judge.

Plaintiff James W. Ryland Jr.,[1] appearing *pro se*, filed this action against an unknown party, "John Doe." The Court grants plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. The complaint is dismissed as set forth below.

## BACKGROUND

Plaintiff's complaint is difficult to comprehend but appears to concern plaintiff's interaction with an unidentified man. Plaintiff's statement of claim consists of the following:

> The man thru me down with 3 people on the sidewalk; 3 casts broken teeth. I repaired homes in New York, they were engineered and built identicle [sic] across the country. The Bonelle Contractors from the Armed Services built these identical neighborhoods. They persist to provide ownership and then they kidnap the victim (self-plaintiff) to another identical engineered neighborhood. Apparently by discovery, there is proof of others that go thru this. I stopped in 15 of these so called safe low middle income homes and repaired all of the code specifically thru the building department. Now a run to play/sports to gain money thus hurt continuously.

---

[1] Plaintiff has indicated that he is homeless and requests that the Court contact him via electronic mail.

Plaintiff alleges that this man "has kept [him] from dating . . . bankruppting [sic] [him] daily, shreading my cloths [sic] and stealing [his] shoes." Plaintiff requests various types of relief, and that his "life [be] restored to normal."

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Iqbal, 556 U.S. at 678).

Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, pursuant to the IFP statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

2

## DISCUSSION

Here, plaintiff's claims against an unknown male are frivolous. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). In this case, plaintiff's complaint alleges what appear to be various torts committed by an unknown man. The letter submitted by plaintiff alleges that this unidentified individual, perhaps alone or with other individuals, has followed him, used his identity, kidnapped him, and performed unnecessary medical procedures on him. The facts underlying the complaint rise to the level of being wholly incredible, and therefore are frivolous.

Since the complaint is devoid of any basis in law or fact, and contains defects which cannot be cured by amendment, the complaint is dismissed. See 28 U.S.C. § 1915(e)(2)(B)(i). Given the nature of these pleadings, in particular plaintiff's factual allegations, the Court warns plaintiff that the federal district courts do not tolerate frivolous litigation. See Lau v. Meddaugh, 229 F.3d 121 (2d Cir. 2000); Moates v. Barkley, 147 F.3d 207 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); 28 U.S.C. § 1651(a).

## CONCLUSION

Accordingly, this complaint, filed *in forma pauperis*, is dismissed as frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

The Clerk of Court is directed to enter judgment dismissing this action and to close this case. The Clerk of Court is also directed to send an electronic copy of this Memorandum and Order and the judgment to plaintiff's email address in light of plaintiff's homeless status.

**SO ORDERED.**

/s/(BMC)
U.S.D.J.

Dated: Brooklyn, New York
May 23, 2016